### KEITH v. HERSCHBERG OPTICAL CO.

1. BILL OF EXCEPTIONS: *Directions to clerk to copy.*

   A skeleton bill of exceptions contained the following: "The plaintiff read in evidence the depositions of H. Herschberg and A. Herschberg, taken in St. Louis on the 24th day of February, 1885, by Enrique Palmer, Notary Public, in words and figures as follows: (Clerk here copy the deposition of witnesses.)"
   "The defendant read the agreed statement of F. Moore, which is in words and figures as follows. (Clerk copy Moore's statement.)" *Held:* That these directions sufficiently identified the depositions and statement on file to authorize the clerk to insert them in the bill of exceptions.

2. AGENTS: *General and special. Traveling salesmen.*

   A special agent is one who is appointed to do a single act. A general agent is one appointed to do all acts connected with a particular

business or employment. A traveling salesman of a wholesale house may be regarded by those who deal with him as a general agent and his acts within the scope of his business will bind his principals, although in violation of their printed instructions to him, unless the parties dealing with him have notice of the limitations upon his authority.

3. SAME: *Same.*

A contract of a drummer not to sell a certain class of goods to any other merchant in a town except the purchaser, is within the apparent scope of his authority and binding upon his principal.

APPEAL from *Logan* Circuit Court.
Hon. R. B. RUTHERFORD, Judge.

*Collins & Balch,* for appellant.

It is manifest the trial court wholly misconceived the nature of the action, and the issues involved.

Had this been an action of deceit brought by appellant to hold the appellee liable in damages for the fraud of the latter's agent, the instructions of the court to the jury might be sustained; but with all due deference, we submit that no case can be found to sustain the monstrous proposition that a vendee is bound to take and pay for goods which he was induced to order by representations and under agreements, the first of which were false and fraudulent and the latter violated, simply because he purchased through an agent who had private orders not to so contract. *Pickering v. Burk, 15 East., 38, 43; Bentley v. Daggett, 51 Wis., 224.*

Appellee is attempting to reap the benefit of a contract made in his name by his agent, while he refuses to be bound by the terms of such contract. This we submit he cannot do, and as to whether the agent had authority to so agree on behalf of his principal, matters not. *Kenedy v. McKay, 43 N. J. L., 288; Benj. on Sales, sec. 699;*

*Benj. on Sales,* secs. *696, 702; Ernistein v. Marshall, 53 Ala., 153; Mundorff v. Wickersham, 63 Penn., 87; Sledge v. Scott, 56 Ala., 202.*

The appellant's right to rescind does not depend on the fact as to whether the agent had authority to make the agreement or not. *58 Ala., supra.; Story Contracts, sec. 590; Strayhorn v. Giles, 22 Ark., 517, 521.*

Appellee having secured a beneficial contract through the fraud of his agent, now repudiates the agent's agreement and seeks to hold appellant to a contract the latter never made. *Benj. on Sales, 696 to 702.*

In *15 East., page 43,* Lord Ellenborough, discussing this very point, says:

"There would be no safety in mercantile contracts if such was the law." And especially is this so now, that nearly the entire mercantile jobbing trade is carried on through agents as traveling salesmen.

Appellant has not attempted to hold appellee any further than to require him to take the goods back. We believe it to be the law, that appellant might have kept the goods and sued appellee for a violation of the contract; but this he has not done, but says to appellee, "Your agent made an agreement with me which has not been complied with. It was only on these terms I agreed to purchase, and since you repudiate the agent's authority to so agree, and refuse to be bound by the terms he has made, it is no sale. I would not have the goods on any other terms."

This he certainly had the right to do, and the court erred in instructing the jury to disregard the testimony on this point. *Benj. on Sales, secs. 703–6; 8 How., 173; 54 Texas, 511; 7 Gratt., 352.* The instructions given for appellee do not correctly state the law.

The instructions asked on behalf of appellant should

have been given. *22 Pick., 18; Story on Agency, 126, 133; 4 Wis., 144; 36 N. Y., 39; 45 Wis., 165; 6 Cow., 54; Smith v. Richards, 13 Peters, 26; 18 Pick., 96.*

*Compton & Compton* and *T. C. Humphry*, for appellee.

It is contended on part of appellees as follows:

*First*—That the bill of exceptions does not contain the testimony of H. Herschberg and A. Herschberg, but a mere direction to the clerk to copy it into the bill. This court will not review the action of the court below unless all the testimony upon which the court below acted is before the court.

*Second*—The grounds of appellant's objection to certain testimony does not appear in the bill of exceptions, nor does the bill of exceptions contain the agreed statement of F. Moore, as read in evidence on the trial in the court below, in the absence of which this court should affirm. See *Ashley v. Stoddard & Co., 26 Ark., 653.*

*Third*—There was no error in the court allowing the depositions of H. Herschberg and A. Herschberg to be read in evidence, as they were properly taken and directly responsive to the issues made in the case.

*Fourth*—There was no error in giving instructions numbered 1, 4, 6 and 7, on behalf of appellees, as they in the main declare the correct principle of law applicable to this case.

*Fifth*—The court properly refused instruction number 2 on behalf of appellant, as it is vague, uncertain and calculated to mislead the jury.

*Sixth*—There was no error in refusing instruction number 3 on behalf of appellant, it being abstract.

The law of this case has been substantially given in the instructions of the court, and this court will not reverse

where erroneous but harmless instructions have been given. See *St. L., I. M. & S. Ry. v. Phelps, ex rel., 46 Ark., 485.*

As the bill of exceptions fails to show all the testimony had on the trial in the court below, but contains the declarations of law made by the court but not the facts they were applied to, it will be presumed that the court decided correctly. See *Ashley v. Stoddard & Co., supra.*

This case was submitted to the jury on the issues of fact, whether the contract as claimed by appellant was made, and if so whether the agent had authority from the principal to make it, and the evidence as to these issues being conflicting, and the jury having found for appellees, this court will not disturb the verdict. (See *Cogswell v. McKeogh, 46 Ark, 524.*) Indeed, as to the authority to make the special contract, the evidence is all on one side; that is, that the agent had no such authority. Hence, even if he made it, in doing so he acted outside the scope of his authority, and the principal was not bound. It was fairly left to the jury whether the making of the contract was within the scope of the agent's authority. They found it was not, and the verdict is conclusive. *Jacobson v. Poindexter, 42 Ark., 97; Meyer, Bannerman & Co. v. Stone & Co., 46 Ark., 210.*

*Collins & Balch,* in reply.

The depositions, agreed statement of facts and instructions, need not be set out in the bill of exceptions when signed, if they are referred to in such a way as the clerk can identify them. *Dillard v. Parker, 28 Ark., 503; Stirman v. Cravens, 29 ib., 548; 31 ib., 334; 28 ib., 1.*

The instructions are mentioned by number, as—1, 2, 3, etc. This is sufficient. Where instructions are relied on for a reversal, it is sufficient if the bill of exceptions contain the evidence necessary to obtain this. *Am. Tr., p. 8.*

Keith v. Herschberg Optical Co.

Without regard to any of the testimony the case should be reversed. Instruction No. 1, as asked, declares the law, and as modified is not the law. *Tr. pp., 34, 35.*

It is of no consequence whether the person making the sale was an agent at all. Plaintiff could not avail himself of the'benefits of the sale, while refusing to be bound by its terms. No other instructions, and no evidence, could remedy the error committed here.

SMITH, J. This action was begun before a justice of the peace to recover of Keith $51.75, on open account, for a bill of goods sold him by the plaintiff's traveling agent.

The plaintiff had judgment, and the defendant appealed.

In the circuit court the defendant filed a formal answer, in which he alleged that he agreed to purchase the goods (eye-glasses), but that, as a part of the contract of sale, plaintiff's agent, who made the same, agreed to give defendant the exclusive right of selling the goods in Booneville; that he stated he had not sold to any one else, and agreed with defendant that he would not sell to any one else in Booneville; that defendant refused to purchase any of his goods unless this agreement was made; that plaintiff's agent immediately sold the same class of goods to two other firms in Booneville, making the same contract with each of them; that on learning this he refused to take the goods, and at once notified plaintiff, and that the goods were subject to its order.

There was a trial, with verdict and judgment for plaintiff. And the errors assigned in the motion for a new trial related to the admission of certain testimony and the charge of the court.

It is claimed, however, that the merits of the appeal are not properly before us for consideration, because the bill of exceptions does not contain the depositions of certain

1. BILL OF EXCEP-TIONS: Directions to clerk to copy, etc.

witnesses, and the agreed statement as to the testimony of an absent witness, which were used upon the trial, but a mere direction to the clerk to insert the same. It was a skeleton bill; and, as allowed by the judge, ran thus:

" The plaintiff, to maintain the issue on its part, read in evidence the deposititions of H. Herschberg and of A. Herschberg, taken in St. Louis, on the 24th day of February, 1885, before Enrique Parmer, notary public, which were in words and figures as follows: [Here copy the deposition of witnesses.]

" The defendant, to maintain the issue on his part, introduced in evidence the agreed statement of F. Moore, which is in words and figures as follows, to wit: [Here copy Moore's statement.]"

These writings are sufficiently identified, within the rule of *St. L., I. M. & S. Ry. v. Godby, 45 Ark., 485; and Lesser v. Banks, 46 Ark., 482,* so as to leave no doubt that the depositions and statement found in the record are those that are referred to in the bill of exceptions.

The president of the plaintiff company, and also the agent who sold the goods, testified over the objections of defendant that he had no authority to make any such contract, and the latter also says he could not have made such contract, as it was contrary to orders, but does not *positively* deny making the agreement.

The defendant testifies to the same effect as set out in his answer, and that he never sold or offered to sell any of the goods. That it was in consideration of the agreement, that he was to have the exclusive right to handle these goods, that he gave the order.

He also proved by two witnesses that plaintiff's agent, about the same time, sold the same class of goods to each of said witnesses, and agreed with each of them that no other firm in Booneville should handle the goods.

Keith v. Herschberg Optical Co.

The jury were told, in substance, to disregard all testimony as to an agreement not to sell to any other parties, unless it was shown that the agent was a general agent, or had authority from plaintiff to make such contract. And the court rejected prayers to the effect, that if plaintiff's agent agreed not to sell the same class of goods to any person in Booneville, and this was an inducement moving defendant to make the purchase, and that plaintiff's agent violated this agreement and sold to other parties, this was a fraud on defendant, entitling him to rescind the contract. Also, that a principal claiming the benefit of a contract made by his agent, is bound by the terms of such contract, unless the other had notice of the want of authority in the agent.

A special agency exists when there is a delegation of authority.to do a single act. A general agency is where there is a delegation to do all acts connected with a particular business or employment. Now, A. Herschberg, so far as the defendant knew, had a general authority to sell the plaintiff's goods; his agency not being limited to any particular mode of doing it. In reality, as the proof discloses, his authority, although it extended to do acts generally in the course of his employment, was yet qualified and restrained by instructions of a special nature. But these instructions had never been communicated to the defendant. The rule in such a case is, the agent is deemed, as to persons dealing with him in ignorance of such special limitations, conditions and instructions, to be a general agent, although, as between himself and his principal, he may be only a special agent. In other words, a general agency does not import an unqualified authority, but that which is derived from a multitude of instances, or in the general course of an employment or business. And the principal will be bound by the acts of his agent, within

2. Agents-
General
and Special:
Traveling
salesmen.

10–48

the scope of the general authority conferred on him, although he violates by those acts his private directions, which are given to him by his principal, limiting, qualifying, suspending or prohibiting the exercise of such authority under particular circumstances. A third person has a right to assume, without notice to the contrary, that the traveling salesman of a wholesale house has an unqualified authority to act for the firm he represents, in all matters which come within the scope of that employment. *Smith's Mercantile Law, 3d Ed., 173; Story on Agency, 8th Ed., secs. 17, 4, 19, 126-7; Paley's Agency, 4th Am. Ed., (\*199 et seq. and notes); 2 Kent's Com., 12th Ed., \*620; Brooks v. Perry, 23 Ark., 32; Leake v. Sutherland, 25 ib., 219; Jacobson v. Poindexter, 42 Ark., 97; Meyer v. Stone, 46 ib., 210; Butler v. Maples, 9 Wallace, 766; Insurance Co. v. Wilkinson, 13 ib., 222; Insurance Co. v. McCain, 96 U. S., 84; Brant v. Moore, 26 Me., 84.*

Thus, in *Minter v. Pacific Railroad, 41 Mo., 503,* the baggage master was, by the printed rules of a railroad company, forbidden to take articles of merchandise on passenger trains. He, nevertheless took a carpet, the passenger not knowing the rule, and the company was held liable for its loss. The true question for the jury, then, was not whether A. Herschberg had real authority, but whether he had apparent authority to make the contract he did make. It follows that the charge of the court on this subject was wrong.

A contract which restrains the business or industrial freedom of a person within reasonable limits, is not against public policy. Thus, a covenant to sell patent teeth to no other dentist in a certain town of Vermont, was held valid in *Clark v. Crosby, 37 Vt., 188.* And so a covenant not to sell any furniture in his line to any in the town of

O, but to B. (*Roller v. Ott.*, *14 Kans.*, *609.*)  See *Greenhood on Public Policy, Rule DLXV.*

In *19 American Law Review*, *962*, it is stated that the Supreme Court of Texas, in *Watkins v. Morley*, had decided, in September, 1885, that a contract by a drummer not to sell a certain class of goods to any other merchant in a town except A, is within the apparent scope of his authority, and is binding on his principal, but we have not seen the full report of that case.

"The general rule is, as to all contracts, including sales, that the agent is authorized to do whatever is usual to carry out the object of his agency, and it is a question for the jury to determine what is usual.  If, in the sale of the goods confided to' him, it is usual in the market to give a warranty, the agent may give that warranty in order to effect a sale."  *Benjamin on Sales, 4th Ed. Am.*, *sec. 624*, *and cases cited; LeRoy v. Beard, 8 How., 451; Schuchardt v. Allen, 1 Wallace, 359; Talmage v. Bienhouse, 103 Ind., 270 ; Smilie v. Hobbs., Sup. Ct. of N. H., New Eng. Rep., 345.*

The rejected prayers, set out above, should also have been given.  When an agent for the sale of property is acting upon the line of business committed to him, his principal is chargeable with the false representations made by him.  (*Strayhorn v. Giles, 22 Ark., 517 ; Morton v. Scull, 23 ib., 289 ; Matlock v. Reppy, 47 ib., 148.*)  The plaintiff cannot recover the price of the goods without performing the condition upon which the sale was made.

Reversed and a new trial ordered.