FRENCH & AMERICAN IMPORTING COMPANY *v.* BELLEVILLE DRUG COMPANY.

Opinion delivered April 15, 1905.

SALE—FRAUDULENT REPRESENTATIONS AS DEFENSE.—In a suit to recover for goods sold it is a good defense that the order for the goods was procured by false representations knowingly made by plaintiff's agent as to a material fact with intent to mislead, and which misled defendant, to its injury.

Appeal from Yell Circuit Court, Danville District.

WILLIAM L. MOOSE, Judge.

Affirmed.

The French & American Importing Company sued the Belleville Drug Company on a contract for the sale of merchandise amounting to $69.93. Defendant filed an answer containing three paragraphs, as follows:

"1. Comes the defendant, the Belleville Drug Company, and * * * says that the signature of the Belleville Drug Company to the order sued on in this action was obtained by fraud, in that the agent making the sale of the goods mentioned in said order, by way of inducement to the procurement of said signature of said Belleville Drug Company to said order, contracted and agreed with the manager of said Belleville Drug Company that he had not (sold) and would not sell goods like those being offered to said Belleville Drug Company to any other dealer in town of Belleville in the State of Arkansas, the town in which the business of said Belleville Drug Company was being carried on: that but for said agreement the Belleville Drug Company would not have given or executed said order for said goods, and so stated to said agent of the French & American Importing Company; that said agent, at the time of making said sale to the said Belleville Drug Company, had sold the same class of goods to one J. H. Harris, a resident of and doing business in the said town of Belleville, Ark.; that, by virtue of the said false and fraudulent representation so made by the agent of the said French & American Importing Company to the manager of the Belleville Drug Company, he fraudulently obtained the signature of the said Belleville Drug Company to the said order for said goods. Wherefore defendant says that, by reason of said false and fraudulent representations in the procurement of said contract, the same is void, and should not be enforced.

"2. Defendant, further answering, says that the goods for which the order sued on herein was given was a lot of cologne, was a large order for a town and trade the size of the town of Belleville; that the sale of said goods to two parties in said town would result in the delay of sales for a long period of time, to

the damage of the vendee, and in all probability to the loss in value and quality of said cologne; that said goods would not have been purchased but for the agreement entered into by said agent as hereinbefore stated; that, by reason of the sale of similar goods to the said J. H. Harris contrary to said agreement, the defendant, in case it should be compelled to accept said goods, would be damaged in the sum of $50, for which amount defendant asks a counterclaim for said sum of $50.

"3. Defendant, further answering, says that plaintiff failed to ship out the goods within a reasonable time; that the goods shipped to said J. H. Harris were received and opened up by said Harris; that defendant's manager saw said goods; that he countermanded said order; that, notwithstanding said countermand, plaintiff sent said goods on; that defendant refused to receive same, and notified plaintiff thereof. Wherefore defendant says that he is in no way liable for the purchase price of said goods.

"Wherefore it asks to be discharged herefrom with its costs."

Plaintiff demurred to the answer on the ground that plaintiff's action was based upon a written contract executed and delivered to this plaintiff by said defendant, and that defendant's answer set up as defenses to plaintiff's action contemporaneous parol agreements which tend to add to, vary and contradict the written contract sued on. Wherefore plaintiff prayed that defendant's answer herein be stricken from the files, and dismissed.

The demurrer was overruled by the court; appellant excepted, and prayed an appeal, which was granted.

*L. C. Hall* and *S. T. Poe*, for appellant.

A verbal contract contradictory of the written agreement is void. 29 Ark. 544; 49 Ark. 285; 55 Ark. 347; 50 Ark. 393.

*John M. Parker*, for appellee.

Fraud vitiates every contract. 22 Ark. 521; 24 Ark. 222. The fraud of an agent avoids a contract made by him for his principal. 42 Ark. 97; 69 S. W. 1021; 48 Ark. 138; 49 Ark. 320; 53 Ark. 222. The representations of plaintiff's agent justi-

fied appellee in avoiding the contract. 69 S. W. 1021; 48 Ark. 138.

BATTLE, J. The demurrer to defendant's answer was properly overruled. The answer, if true, shows that the contract and order for goods, sued on, were procured by false representations knowingly made by plaintiff to defendant as to a material fact, with intent to mislead; and that it did mislead it to its injury. The misrepresentation was that the plaintiff had not sold any goods of the class contracted for by defendant to any one in the town of Belleville, before the contract sued on was made, when in fact it had already done so. This was one of the material inducements that led to the making of the contract, without which, as shown by the answer, the defendant would not have entered into it. Having been obtained by fraud, it is voidable.

Judgment affirmed.