## AMERICAN SALES BOOK COMPANY *v.* WHITAKER.

### Opinion delivered October 16, 1911.

1.   AGENCY—EXTENT OF AUTHORITY.—Where an agency is proved without showing its extent, the agent is presumed to have authority to do all acts necessary to carry out the particular employment in which he is engaged by the principal.   (Page 362.)

2.   SAME—AUTHORITY OF SELLING AGENT.—An agent employed to make sales and secure orders for goods is authorized to agree upon the terms of sale and to sell conditionally or unconditionally, where the person with whom he deals has no notice of any limitation upon his authority. (Page 363.)

3.   SAME—AUTHORITY OF SELLING AGENT.—An agent who is only impowered by his principal to solicit orders for or to make sales of goods, has no implied authority to receive payment therefor, or to modify or cancel such order or sale after the order is executed or the sale completed. (Page 363.)

4.   EVIDENCE—VARYING WRITTEN CONTRACT.—While a written contract, actually entered into, which is unconditional in its terms, cannot be varied by parol evidence which tends to add a condition as one of the terms of the contract, parol testimony is admissible to show that a written instrument was not signed or delivered as a concluded contract, but was only signed and delivered to be held pending the happening of a condition, which was not performed.   (Page 364.)

Appeal from Boone Circuit Court; *George W. Reed,* Judge;   reversed.

*W. F. Pace* and *Troy Pace,* for appellant.

1.   The contract being clear and unambiguous and the signing thereof admitted, appellee's testimony that the goods in question were delivered to him upon 30 days' trial was inadmissible.   94 Ark. 130.

2. If an agent or salesman, who is employed to sell goods from samples and has no possession of the goods but mails the orders therefor to the company to be executed, has no authority to receive payment thereafter for them, neither would he be authorized to invalidate a written contract for the purchase of goods, and accept their return in payment of the bill. 46 Ark. 210.

*J. W. Story,* for appellee.

1. The evidence complained of was admitted in the first place only for the purpose of explaining the alleged written order and not of contradicting it; and the record shows that on appellant's motion the court excluded from the jury's consideration all testimony as to conversations which took place prior to the signing of the order. Moreover, since appellant did not reserve in its motion for new trial any exception to the admission of any evidence except that which related to conversations between appellee and the agent which occurred after the alleged sale and delivery of the goods, it can not now complain. 67 Ark. 531; 75 Ark. 181. But the testimony was competent in order to show that the order had in fact never been given as a present binding obligation. 76 Ark. 140, and cases cited.

2. Instruction No. 2, given by the court, was correct. Appellant's agent had both actual and apparent authority to make the optional contract. 49 Ark. 320.

FRAUENTHAL, J. This was a suit to recover from appellee the purchase money of a recapitulator, and certain supplies connected therewith, which appellant alleged it had sold to him in pursuance of a written contract. The suit originated in a justice of the peace court, from whose judgment an appeal was taken to the circuit court. In the circuit court a verdict was returned in favor of appellee, and from the judgment entered thereon this appeal is prosecuted.

The appellant was located at Elmira, N. Y., and was engaged in the manufacture and sale of the goods for the purchase money of which this action was instituted. It claims to have sold the goods to appellee through a salesman, under a written contract executed by appellee. The written contract is in the nature of an order, signed by appellee, by which he

directed the appellant to ship to him by freight, f. o. b. Elmira, N. Y., said goods on or about June 20, 1909, and agreed to pay therefor the sum of $35; it being stated in said written order that $5 of said purchase money was paid in cash, and the balance was to be paid in monthly installments.

The testimony on the part of the appellant tended to prove that it shipped the goods in the manner set out in said written order, and that appellee had refused to pay therefor. The appellee testified that the appellant's salesman saw him at his place of business at Alpena, Ark., and endeavored to sell him the goods, and that he refused to buy, and finally the salesman said: "I have one more proposition to make to you, and that is this: I will send an outfit to you on trial for thirty days, and at the end of that time if it is not satisfactory you can ship it back;" and that appellee thereupon signed the order. Afterward, the goods were shipped, and upon trial they proved unsatisfactory to the appellee. Later, the salesman came to appellee's place of business, and he told the salesman that the goods were not satisfactory, and that he did not want them. He testified that the salesman then told him to box the goods up, and he would advise him where to send them. Thereupon, the appellee delivered the goods to a common carrier, taking bill of lading therefor, and shipped same to appellant, who refused to take them back.

The lower court ruled that all the testimony introduced by appellee relative to the statements of the salesman at the time the written order was signed, to the effect that the goods would be sent on trial with the privilege to appellee of shipping them back if not satisfactory, was incompetent, and instructed the jury not to consider same in evidence. Thereupon, the lower court, among other instructions, gave the following to the jury:

"2.   I further instruct you that if the agent salesman who sold the goods to defendant took up the goods in question, ordered the goods boxed and held for further orders, that it would be a cancellation of the order, and you should find for the defendant."

It is urged that the court erred in giving said above instruction, because the salesman had no authority to rescind or cancel the sale after it had been completed.   It is well settled,

we think, that the power which an agent has to bind his principal rests upon the authority which the principal has given to him.   If the agent has acted without authority, or outside of the scope of his authority, real or apparent, then the principal is not bound for such act.   One who deals with an agent is at once put upon inquiry, and must discover whether the agent has the authority to do the proposed act.   But where the agency is proved, without showing its extent, then it is presumed that general authority has been given in regard to the business in which such agency is concerned.   Without notice to the contrary, the agent is presumed to have authority to do all acts necessary to carry out the particular employment in which he is engaged by the principal.

This court has held, in the case of *Keith* v. *Herschberg Optical Co.*, 48 Ark. 138, that "a third person has a right to assume, without notice to the contrary, that the traveling salesman of a wholesale house has an unqualified authority to act for the firm which he represents in all matters which come within the scope of that employment."   The object of the employment, and the authority, real or apparent, given to an agent who makes sales or solicits orders for goods, is to do all those things and to enter into such agreements as are necessary to make the sales or to secure the orders for the goods.   He has the authority, real or apparent, to agree upon the terms of the sale and to sell conditionally or unconditionally, where the person with whom he deals has no notice of any limitation upon his authority.   *Keith* v. *Herschberg Optical Co.*, *supra; Jacoway* v. *Insurance Co.*, 49 Ark. 320.

But, according to the great weight of authority, an agent who is only impowered by his principal to solicit orders for or to make sales of goods has no implied authority to receive payment therefor or to modify or cancel such sales.   After an order is executed or a sale completed, the authority of the agent in the matter is at an end.   His authority is only to make contracts, to solicit orders for goods, or to make sales thereof. He has no implied power to give up interests that have been acquired, or to cancel rights which have been obtained.   The agent who solicits orders for or makes sales of goods has no implied power, once the order is executed or the sale made, either to modify or to rescind the contract.   As is said in 1

Clark & Skyles, Law of Agency, 588: "It is a well settled rule that an agent with authority to sell goods has no authority, after a contract of sale has been completed or executed, to revoke or rescind a sale and receive back the goods which he had previously sold or to alter his contract in any material part." 2 Mechem on Sales, § § 1448, 1456; 31 Cyc. 1360.

The case at bar was tried by the lower court upon the theory that the appellee had entered into a written contract by which he had made an unconditional purchase of the goods. The agent representing the appellant in making the sale was a traveling salesman; the scope of his authority was only to make such an agreement as was necessary to secure the order for or make the sale of the goods. After the order was executed and the sale completed, his authority ceased, and he could not bind his principal by any act done which was thereafter without the scope of his employment. There is no testimony indicating that this salesman had express authority to cancel or to alter the contract of sale after it was made; and he had no implied authority under the law to do this. He therefore had no authority by which his principal could be bound to direct the appellee to box up the goods and ship them back, and thereby to settle his indebtedness to appellant. He had no power, either actual or apparent, to compromise the debt by taking the goods back. There was, therefore, no evidence adduced upon the trial of this case upon which to base the above instruction No. 2, which was given by the court; and it follows that the court erred in giving said instruction to the jury.

The appellant also urges in his brief that the court erred in permitting the introduction of the testimony that the sale was made with the further parol agreement that appellee could return the goods in event they did not prove satisfactory after a thirty days' trial. This contention is made upon the ground that such verbal testimony would add to or vary the terms of the written contract. But appellant is in no attitude to complain of the action of the court in this particular, for the reason that the court subsequently withdrew this testimony from the consideration of the jury, and specifically instructed them not to regard it as evidence in the case. The question raised by that testimony was not afterwards made an issue in the case, by instructions or otherwise. Inasmuch, however,

as this case must be remanded for a new trial, we deem it proper to note the question thus raised by the attempted introduction of this parol testimony.

It is a well settled rule of evidence that where a written contract is made, unambiguous and complete in its terms, parol evidence is not admissible to contradict, vary or add to any of its terms. *Dalhoff Construction Co.* v. *Maurice,* 86 Ark. 162; *Boston Store* v. *Schleuter,* 88 Ark. 213; *Bradley Gin Co.* v. *J. L. Means Mach. Co.,* 94 Ark. 130; *Cox* v. *Smith,* 99 Ark. 218.

But this rule of evidence applies only to those written contracts which have been fully executed and finally consummated. Parol testimony is always admissible to show that a purported written contract was not concluded as a completed contract, and that the written instrument, though signed, was not in fact finally executed and finally delivered as a contract. It is competent to show by parol testimony that a written instrument, though signed, should not be a binding and completed contract until certain precedent conditions should be fulfilled; in other words, that a written instrument was not, in fact, to take effect in event of certain contingencies not happening or conditions not being performed.

In the case at bar, if the written instrument, though signed, was not actually delivered as a binding contract, but was signed with the understanding that it should only be held, without becoming effective, until after the appellee had an opportunity to inspect the goods and accept them, if satisfactory, then the instrument, though signed, would not be a completed contract. Such testimony tended to prove that the purported written instrument was not actually executed and delivered. Instead of adding to or varying any of the terms of the written contract, such testimony tended to show that the written contract was not actually entered into. A written contract, actually entered into, which is unconditional in its terms, can not be varied by parol testimony which tends to add a condition as one of the terms of the contract. *Cox* v. *Smith, supra.* But parol testimony is admissible to show that a written instrument was not signed or delivered as a concluded contract, but was only signed and delivered, to be held pending the happening of a contingency or the perform-

ance of some condition, and that subsequently such contingency did not happen or that such condition was not performed, and therefore that the written instrument did not actually become effective as a completed contract. *Graham* v. *Remmel*, 76 Ark. 140; *Barr C. & P. Co.* v. *Brooks-Ozan Merc. Co.*, 82 Ark. 219.

We do not deem it proper to pass on the question as to the sufficiency of the above parol testimony adduced upon the trial of this case to show that the written instrument was not a completed contract, for the reason that upon the further trial of this case other and different testimony may be introduced upon this question of fact.

For the error in giving said above instruction No. 2, the judgment is reversed and the cause remanded for new trial.