RUDOLPH *v.* LASER.

Opinion delivered November 20, 1922.

1. CONTRACTS—MUTUALITY.—A contract for the sale and purchase of automobiles, which was partially executed by a shipment within the time and in the manner specified, before any controversy arose concerning a breach, *held* not void, as respects such shipment, for lack of mutuality.

2.   PRINCIPAL AND AGENT—EXCLUSIVE SALES CONTRACT—BREACH.—A contract for the exclusive right to sell a particular automobile within certain territory was broken where the seller had previously given the exclusive right to another dealer to sell the same car in a part of the same territory.

3.   SALES—PURCHASER'S REFUSAL TO ACCEPT SHIPMENT—DAMAGES.— Where a buyer refused to accept and pay for a shipment of automobiles, the measure of the seller's damages, if there is no market at destination, is the difference between the contract price and the price for which the seller is compelled to sell them, plus freight and demurrage, except demurrage for unreasonable delay in removing the cars, with interest from the date of payment; but, if there is a market at destination, the damages would be the difference between the contract price and the retail market value.

Appeal from Pulaski Circuit Court, Second Division, *Guy Fulk,* Judge; reversed.

*McMillan & McMillan,* for appellants.

*Owens & Ehrman,* for appellee.

HUMPHREYS, J. Appellee, a distributor at Little Rock of Crow-Elkhart automobiles, instituted this suit in the Second Division of the Pulaski Circuit Court against appellants, automobile dealers in Arkadelphia, to recover damages in the sum of $1,306.84 growing out of an alleged breach of the contract entered into between said parties on May 27, 1918, for the sale and purchase of Crow-Elkhart automobiles. The alleged breach of contract consisted in the refusal of appellants to accept and pay for a shipment of five automobiles invoiced to appellants on July 22, and which reached Arkadelphia on August 5, 1918.

Appellants filed an answer denying the material allegations of the complaint, and interposing a number of additional defenses thereto. It will be necessary to mention only two of the additional defenses in order to discuss and determine the vital questions presented by this appeal. It was alleged that the contract lacked mutuality, and for that reason was void; and also alleged that, during the life of the contract, appellants were given the exclusive right to sell said automobiles in

ARK.] RUDOLPH *v.* LASER. 7

Dallas, Clark and Hot Spring counties, Arkansas, and that, in violation of the contract, appellee had theretofore entered into a contract with Lee Hill, giving him the exclusive right to sell the same kind of automobiles in a part of said territory during said period, without the knowledge or consent of appellants.

The cause was submitted to a jury upon the pleadings, evidence, and instructions of the court, which resulted in a verdict and judgment in favor of appellees for the full amount of damages claimed. From the verdict and judgment an appeal has been duly prosecuted to this court.

Appellant contends that the contract is void on account of the lack of mutuality. We deem it unnecessary to set the contract out or discuss its provisions, as the shipment had gone forward before any controversy arose between the parties concerning a breach of the contract on the part of appellee. The shipment of the automobiles within the time and in the manner specified in the contract was a partial execution of the contract on the part of appellee. In the case of *Weil* v. *Pneumatic Tool Corporation,* 138 Ark. 534, cited by appellants in support of their contention as to the invalidity of the contract, the court held that it was void only in so far as unexecuted.

Again, appellant contends that the court erred in sending the case to the jury upon the theory that the execution of a contract between appellee and a third person for the sale of the same kind of automobiles, covering a portion of the same territory and period covered by the contract between appellee and appellants, without the knowledge of appellants, would not constitute a breach of the latter contract unless there were actual sales of automobiles under the former contract. Under the rule announced in the case of *Keith* v. *Herschberg Optical Co.,* 48 Ark. 138, appellants' contention must be upheld. In that case the company, through its agent, sold the same kind of goods to three merchants, upon condition that each should have the exclusive sale of

such goods in the town of Booneville. When Keith discovered the existence of the other contracts, he treated them as a breach of his contract, and refused to accept and pay for the goods sold him. In a suit against him for the purchase price of the goods the court said: ''The plaintiff (Herschberg Optical Company) cannot recover the price of the goods without performing the condition upon which the sale was made.'' The court's meaning, of course, was that if the company had given the others the right to sell the same kind of goods in Booneville it had thereby breached the condition upon which it had sold the goods to Keith, and for that reason could not recover the purchase price thereof. In the instant case there is a conflict in the evidence as to whether appellants were apprised of the existence of appellee's contract with Hill, giving him the exclusive right to sell the same kind of automobiles in a part of the territory covered by their contract, and whether they agreed that his sales should be reported through them. In case they did know of and approve the Hill contract, they would be estopped from pleading its existence as a breach of their contract.

Appellants also contend that the court incorrectly instructed the jury on the measure of damages. The court, in substance, told the jury that the measure of damages, if they found for appellee. would be the difference between the contract price and the price at which appellee was compelled to sell the automobiles, with freight and demurrage added. This was correct if there was no market for the lot of automobiles at Arkadelphia. Appellee was not required to go to the expense of retailing the cars nor required to sell them to his individual customers. He was in the automobile business and had automobiles to supply his own trade. Appellants were in error in attempting to establish the market value by the price at which appellee sold cars of the same kind to his trade. Appellants contend that the true measure of damages in the case of a breach would be the difference between the contract price and the retail market

value of the cars at Arkadelphia, with freight but no demurrage. This would be true only in case there was a market value and a market for the job lot of cars at Arkadelphia. If there was no general market at or near Arkadelphia for the job lot of cars, then the instruction given by the court was correct (24 R. C. L. p. 121), except that demurrage paid on account of unnecessary delay in removing the cars would not be a proper item of damages. It goes without saying that interest should be calculated on freight and demurrage paid by appellee from the date of payment only.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.