BISTON COFFEE COMPANY *v.* CAZORT & COMPANY.

Opinion delivered October 22, 1923.

1. PRINCIPAL AND AGENT—SCOPE OF AUTHORITY OF TRAVELING SALESMAN.—One who deals with a traveling salesman of a wholesale house, in absence of notice to the contrary, has an unqualified authority to act for the firm which he represents in all matters that come within the scope of his employment.

2. PRINCIPAL AND AGENT—SCOPE OF AUTHORITY—JURY QUESTION.—Whether it was within the apparent scope of the authority of a traveling salesman to direct a customer to return certain goods to his principal, *held* a jury question.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*I. J. Friedman* and *Wofford & Arbuckle,* for appellant.

One dealing with an agent is bound to ascertain the extent of his authority. 105 Ark. 111. A commercial salesman has no authority except that of soliciting orders for the sale of goods. 101 Ark. 68.

The court erred in admitting the testimony of W. F. Brigance and C. C. Jeffers. 235 S. W. 39.

*Chew & Ford,* for appellee.

A principal is not only bound by the acts of his agent under express authority, but he is also bound by all acts of a general agent which are within the apparent scope of his auhtority. 103 Ark. 79; 96 Ark. 456.

One has a right to assume that a traveling salesman has an unqualified authority to act for his principal in all matters which come within the scope of his authority. 48 Ark. 138.

HUMPHREYS, J. This suit was brought by appellant against appellee, in a magistrate's court, upon an open account for $110.58 for coffee sold to appellee on the 13th day of November, 1920.

Appellee interposed the defense that it was entitled to a credit for more than the amount sued for on account of certain bags of coffee returned to appellant at the instance of its agent.

The cause was tried in the magistrate's court, and appealed to the circuit court of Crawford County, where a trial was had before a jury, which resulted in a verdict and judgment in favor of appellee, from which is this appeal.

The undisputed testimony in the case showed that both bills of coffee were sold to appellee by a traveling salesman of appellant. The first bill, consisting of two bags of Special Peaberry coffee, was sold by P. W. Buxton on the 27th day of September, 1919, and amounted to $127.50. This bill was paid in a short time after the coffee was received, and before same had been inspected. Thereafter P. W. Buxton sold several other bills of coffee to appellee, which were also paid. John Thompson then succeeded P. W. Buxton as traveling salesman for appellant, who called at appellee's place of business in Mulberry, Arkansas, on the 13th day of November, 1920, for the purpose of selling more coffee to it. He found W. F. Brigance and C. C. Jeffers, two of appellee's clerks, making an inspection of the two bags of Special Peaberry coffee purchased by appellee on the 27th day of September, 1919. The coffee had been set aside and never inspected until that time. Thompson informed them that he represented appellant, and, without knowing or ascertaining when the two bags of coffee had been bought, asked what appellee paid for the coffee, and, when told, said it was not the kind of coffee bought, and for them to return it to appellant and take credit for the purchase price thereof. On account of these directions appellant bought the bill of coffee sued upon. The invoice of both shipments of coffee contained the following provision:

"By accepting this invoice you accept terms and conditions as specified. This bill becomes due immediately when purchaser suspends payment, sells out, removes, or is closing out. We do hereby guarantee that the articles of food listed herein are not adulterated or misbranded within the meaning of the Federal Food and

Drugs Act, June 30, 1906, as amended. Our responsibility ceases when transportation company signs 'Received in good order.' No claims allowed of any nature unless made within five days of receipt of goods.''

The two bags of Special Peaberry coffee were returned in accordance with the direction of the agent, and a correspondence ensued between appellant and appellee relative thereto. Appellant claimed that the coffee returned was the kind and quality purchased, and appellee that it was not. In one of the appellant's letters the following paragraph appears: ''We call your attention particularly to the fact that you have received from us several orders since you received the above mentioned coffee in question. Also our salesman has called a number of times, and in each and every case you did not make a complaint on this coffee that you now state exists. Our former Mr. Buxton had the pleasure of selling you several bills, and we feel confident that, had anything been the matter with the coffee at the time same was received, certainly he would have given this matter immediate attention. Our representative who called on you last trip of course is new on the territory, and would not know as to the condition of the coffee when you purchased same.'' Other testimony besides the letters was introduced by each party relative to the kind and quality of the coffee contained in the two bags returned to it, which testimony was conflicting. Appellant also introduced its president as a witness, who testified that its salesman was not authorized to permit the return of any merchandise that it shipped to its customers.

The cause was sent to the jury, over the objection of appellant, for it to determine, from all the evidence in the case, whether appellant's salesman was acting within the scope of the authority given by appellant to its agent in directing the return of the two bags of coffee. The jury was told that, if it found, from a preponderance of the testimony, that said agent was acting within the scope of his authority in directing the return of the

coffee, it should find for appellee; but, if not acting within the scope of his authority in directing the return of the coffee, it should find for appellant. Before the cause was sent to the jury, appellant requested a verdict in its favor.

Appellant insists upon a reversal of the judgment because the court erred in submitting the question of its agent's authority to the jury for determination, contend-ing that the undisputed facts reveal that its agent was without authority to direct the return of the coffee.

This court is committed to the doctrine that "a third person has the right to assume, without notice to the contrary, that a traveling salesman of a wholesale house has an unqualified authority to act for the firm he represents in all matters that come within the scope of that employment." *Keith* v. *Herschberg Optical Co.*, 48 Ark. 138; *Brown* v. *Brown*, 96 Ark. 456; *Oakleaf Mill Co.* v. *Cooper*, 103 Ark. 179. Thompson was an admitted traveling salesman of appellant, engaged in selling coffee. The undisputed evidence reveals that he made the sale, the purchase price of which is sued for in this action, by directing appellee to return certain coffee to his house, which, he admitted, was not the kind and quality bought from it, for which credit would be allowed. The whole transaction related to the particular commodity which he was authorized to sell. The excerpt from the letter written by appellant to appellee in relation to the return of the coffee does not make denial that Thompson was acting within the scope of his authority in directing the return of the coffee, but claimed that he was unfamiliar with the circumstances and conditions of the sale made by his predecessor, and, for that reason, it should not be bound by his action. In fact, it is inferable from the language used that Thompson's predecessor had implied authority to correct mistakes or errors growing out his sales. In view of the nature of and the circumstances surrounding the transaction, it cannot be said, as a matter of law,

that the direction of the agent to return the coffee was beyond the scope of his apparent authority. It was therefore proper to submit that issue to the jury.

No error appearing, the judgment is affirmed.