COLUMBIA WEIGHING MACHINE COMPANY, INC., v. PALACE DRUG COMPANY, INC.

Opinion delivered November 7, 1927.

EVIDENCE—VARYING TERMS OF WRITTEN CONTRACT BY PAROL.—Evidence that a written contract for the sale of a machine was entered into, with the understanding that the salesman would keep the contract for a 30-day trial period, during which the buyer would not be bound to buy, *held*, in an action by the seller for the purchase price, not inadmissible in view of the terms of the written contract, by which the machine was sold subject to return within a 60-day period.

Appeal from Jefferson Circuit Court; *T. G. Parham*, Judge; affirmed.

*A. R. Cooper*, for appellant.

HUMPHREYS, J. Appellee was sued by appellant in the circuit court of Jefferson County, upon an order signed by appellee on February 27, 1925, and accepted by appellant on the 12th day of March, 1925, at its New York office. The order was procured by a traveling agent of appellant, and is as follows, omitting signatures:

"Date February 27, 1925. Columbia Weighing Machine Co., Inc., 9 West Sixty-first St., New York, U. S. A. Price $150. Freight paid. Payable $15 monthly. You may ship us one Columbia Mirror Weighing Machine, freight paid. It is sold to us with the understanding that we may return it to you at any time within sixty days from date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to above address, by freight only; freight charges collect. Should we not ship it back to you within thirty days from date of its arrival, we will pay you the purchase price thereof, namely, one hundred and fifty dollars, as follows: fifteen dollars per month, until paid; first payment to be made within sixty days from date of arrival of the machine. Should we be two monthly payments in arrears at any time, the entire unpaid balance of the purchase price shall then become due, together with attorney's fees amounting to twenty per cent. of the sum in default, if collections are made by law. It is understood that you are to supply us with any mechanical parts required for the machine for a period of five years, without charge. Whenever we may want a part, we are to inform you by registered mail. Six per cent. may be deducted if the entire purchase price is paid within sixty days from date of arrival. No verbal agreement will be recognized. All orders are subject to acceptance of the company."

The complaint, omitting formal portions, alleged that appellant was a New Jersey corporation, and that appellant and appellee entered into the contract hereinbefore set out; that its obligations in said contract had been carried out; that the weighing machine had been shipped to and delivered to and accepted by the appellee;

that defendant had neglected, failed and refused to ship it back to the plaintiff in accordance with the agreement; that the payments had not been made in accordance with the agreement; that same were past due and unpaid; the prayer was for the recovery of judgment for $180 and interest.

Appellee filed an answer, denying all the allegations of the complaint, except that appellee was incorporated under the laws of Arkansas. For further defense appellee alleged: That the agent of the appellant called upon appellee, and at the time agreed with appellee that, if he would sign the contract as alleged in appellant's complaint, he would keep the same, and would have the machine shipped, and that he would call again within thirty days, and, if the machine was satisfactory, he would send the contract to the plaintiff; and it was understood and agreed that there was to be no contract until the expiration of thirty days, when this agent of appellant was to return, and, in the meantime, he would hold the contract until he should return, and, in the event the machine was not satisfactory, same was to be reshipped; that the machine was not satisfactory, as it is so constructed with faulty mechanism that it is not reasonably fit for the purpose for which it was manufactured, as the scale has no value whatever, and the same is now held subject to the order of plaintiff.

The cause was submitted upon the pleadings, the testimony adduced by the respective parties and instructions of the court, which resulted in a verdict for appellee and consequent dismissal of appellant's complaint, from which is this appeal.

Appellant requested an instructed verdict, at the conclusion of the testimony, upon the theory that the written contract was one "of sale or return," which was a condition subsequent and which could not be added to, varied, contradicted or controlled by parol or extrinsic evidence of a condition precedent, which was alleged as an additional defense, and which was supported by the testimony introduced by appellee. The court refused the

request, and sent the case to the jury upon the issue of whether it was agreed, when the contract was signed, that it should be held until the return of the salesman to Pine Bluff, at which time, if the machine proved to be satisfactory, appellee would keep it and the contract would be sent to his company, and, on the other hand, that, when he returned to Pine Bluff, if the machine was not satisfactory, the contract was to be returned to the appellee.

Appellant contends for a reversal of the judgment upon the ground that the trial court erred in rejecting its theory. We think, under the rule announced in the case of *American Sales Book Company* v. *Whitaker*, 100 Ark. 360, 140 S. W. 132, 37 L. R. A. (N. S.) 91, that the court sent the case to the jury upon the correct theory, and did not err in discarding appellant's theory of the case. This court said in the case cited:

"Parol testimony is admissible to show that a written instrument was not signed or delivered as a concluded contract, but was only signed and delivered to be held pending the happening of a contingency or the performance of some condition, and that subsequently such contingency did not happen or that such condition was not performed, and therefore that the written instrument did not actually become effective as a complete contract."

No error appearing, the judgment is affirmed.