## BERRY VS. BARNES ET AL.

23  411
74  561

Although in an action for goods sold and delivered to a third person for the defendant, the evidence may be taken as tending to establish an agency in the third person to buy the goods for the defendant, so as properly to have submitted the matter to the jury, an instruction which assumes, in the absence of all proof of the fact, that there was evidence whence the jury might infer that the agent could buy the goods on credit, is erroneous.

A mere agency to buy goods does not imply such an agency as authorizes a purchase on credit; and where a special agent is employed in a single transaction, those dealing with him must look to his authority, or abide the consequences.

### Appeal from Drew Circuit Court.

Hon. JOHN C. MURRAY, Circuit Judge.

HUTCHINSON, for the appellant.

HARRISON, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

The appellant and Allen M. Scott executed the following writing:

"These articles of agreement, made this 11th day of Sep-
" tember, A. D., 1857, between James D. Berry, of the
" county of Drew, in the State of Arkansas, of the one part,
" and Allen M. Scott, of the county and State aforesaid, of the
" other part, witnesses: that whereas, the said party of the first
" part is anxious and willing to set up and establish himself in
" the business and trade of book merchant, in the town of
" Monticello, and agrees to furnish all the capital, and become
" responsible for all the legitimate liabilities of the concern

" when established; and whereas, the said second party, in
" consideration of the advantage and convenience such an
" establishment in said town will afford him as principal of the
" male and female schools established at that place, is willing
" and consents that said business shall be carried on and con-
" ducted under his name, the said first party being responsible
" to him for any and all liabilities that may accrue on account
" thereof; and it is expressly agreed and understood between
" said parties, that nothing connected with said concern shall
" in any wise be or become liable for any indebtedness of the
" either party, and that said second party shall have no interest
" in the profits which may accrue from the concern. In testi-
" mony whereof, the said parties have hereunto put their names
" and seals.

" J. D. BERRY, (SEAL.)

" A. M. SCOTT, (SEAL.)

" Attest :

     " J. S. WINTER."

This agreement, with statements of Berry, that he was going
into the business of selling books in Monticello, and that Scott
had gone to New York, and would buy the books, make up the
evidence on which the appellees wish to hold Berry liable for a
bill of books that Scott bought, and for which he gave a note
signed A. M. Scott & Co., representing that the company consist-
ed of himself and of Berry.

The appellees sued Berry in an action of assumpsit, with one
count upon the note, and another for goods sold and delivered,
in which a verdict was given for the defendant upon the first
count, and for the plaintiffs upon the second count. Judg-
ment was rendered on this verdict against Berry, and he has
appealed therefrom, and contends that the judgment is erro-
neous, because the Circuit Court did not exclude certain tes-
timony to which he objected, because the verdict is against
law and evidence, and because the court gave illegal instruc-
tions for the plaintiffs, and refused legal instructions which he
asked to be given. These objections were made the grounds

for a motion for a new trial, which the court would not grant, to which Berry excepted, and the legality of the judgment depends upon the goodness of these objections.

The verdict being for the defendant on the first count, the liability of Berry upon the note is not under condideration. Berry is not to be considered as a partner of Scott, or a member of any firm of A. M. Scott & Co.; but the appellees sprung the question in the court below that Scott bought books of them to the amount of the note for Berry, and that Berry is liable to them for the price of the books upon the common count for goods sold and delivered.

Although the evidence contained in the writing and in the statements of Berry, to which we have referred, may be taken as tending to establish an agency in Scott to buy books for Berry, so as to have properly submitted the matter to the jury, the first, third, fourth and sixth instructions of the plaintiffs assumed that there was evidence in the case whence the jury might find that Scott could buy the books upon credit, and that Berry would be accountable on the credit extended by the plaintiffs. If there had been any such evidence, the instructions would have been free from objection. But nothing in the case shows that Scott had authority to pledge the credit of Berry for books. The books were never taken by Berry, were applied by Scott to his own use: hence there was no proof to charge Berry with the books on an implied authority for their purchase, resulting from his appropriation of them. Conceding that the jury had evidence before them on which they found Scott to be the agent of Berry, the agency did not authorize Scott to purchase the books upon Berry's credit. The law that, upon this subject, is familiarly applied to the relation of master and servant, is applicable to the relation of principal and agent, and among many other authorities may be found in *Dunlap's Paley's Agency, pages* 161—167.

Scott, if any agent at all, was a particular agent only, specially employed in the single transaction of buying the bill of books sued on, and the appellees should have ascertained his

authority to bind his principal by a purchase upon credit, or abide the consequences. *Smith on Mer. Law.* 173.

But the fact is, as shown by the evidence, that the relation of a separate agency was not attributed to Scott when the books were sold. The appellees supposed that they were dealing with the firm of A. M. Scott & Co., but upon the trial, it turning out that there was no such firm, the ingenuity of their counsel shifted the responsibility of Berry upon him as the principal of an agent who represented himself as a partner, and as such, having the right to bind Berry, his alleged partner.

The first, third, fourth and sixth instructions of the plaintiffs were not applicable to the case, not being connected with any evidence, and should have been refused.

The fifth instruction is subject to the same objection as those already considered, besides being so worded as to lead the minds of the jury to view facts that were applicable to the first count only, as showing Berry's liability upon the second count of the declaration.

We perceive no error in the ruling of the Circuit Court relative to the defendant's instructions. The instruction it substituted for the third was more favorable to the defendant than the one he asked : the modification of the second instruction was proper, considering the evidence not to establish a partnership, but tending to prove an agency : and the fourth instruction only applied to Berry's liability as a partner of Scott, which the jury found in favor of the defendant.

The New York testimony was irrelevant till the authority of Scott to bind Berry by a purchase upon credit had been proven. That not having been done, it should have been excluded on the defendant's motion.

For giving the erroneous instructions, and for not excluding the illegal evidence, the Circuit Court should have granted a new trial, and its judgment is reversed, with instructions to set the case for trial again, when the principles of this opinion must be applied.