.TARPY *v.* BERNHEIMER *et al.*

(*Common Pleas of New York City and County, General Term.* January 4, 1892.)

PRINCIPAL AND AGENT—POWERS OF AGENT.

In an action for advertising defendants' business in plaintiff's paper by order of defendants' agent, it appeared that the latter was agent only for selling beer, collecting bills, and representing defendants before the board of excise. One defendant, the surviving partner, testified that the agent had no authority to contract bills for him or the firm, and that no paper containing such advertisement had been received by him, and no bill for such advertisement had been presented. *Held,* that these facts were insufficient to warrant a finding that the agent had authority to contract bills for such advertising.

Appeal from tenth district court.

Action by Peter E. Tarpy against Simon E. Bernheimer and August Schmid to recover for advertising. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Rose & Putzel,* for appellants. *Francis V. S. Oliver,* for respondent.

PER CURIAM. This action was brought to recover for inserting an advertisement of the defendants' business in plaintiff's paper. There was no evidence that the plaintiff had any dealings directly with defendants. He claims to have received the order from one John Franz, whom he claimed was acting as agent for the defendants. The testimony shows conclusively that Franz was agent for the defendants only for the purpose of selling beer, collecting bills, and representing the defendants before the board of excise, and, in our judgment, this was not sufficient to warrant the court below in finding that Franz was the agent of the defendants for the purpose of contracting bills for advertising their business, especially in view of the fact that Mr. Bernheimer, the survivor of the firm, testified that Franz had no

such authority, and had never been authorized by him to contract bills for him or his firm. The plaintiff also attempted to show that the papers containing the advertisement were sent to the brewery owned by the defendants, but Mr. Bernheimer denies that he ever received such papers, or had his attention called to them, or ever received a bill for the advertising, until after the action was commenced. Under this state of facts, we think the judgment should be reversed, with costs.