## BROOKLYN DAILY EAGLE v. DELLMAR.

(Supreme Court, Appellate Term.   March 9, 1900.)

CONTRACTS—AGENTS—IMPLIED AUTHORITY—RATIFICATION.

Defendant's salesman sold a firm a preparation manufactured by defendant, agreeing that defendant would advertise the same in plaintiff's newspaper. The salesman, having no express authority, gave orders to plaintiff for the insertion of the advertisement, and directed the bill be sent to defendant. A proof, not mentioning defendant, but merely describing the preparation, and announcing it for sale at a certain store, was sent to defendant's office, and shown some one, not identified. Thereafter a bill for one insertion was presented to defendant's president, who disclaimed liability therefor. *Held*, that since the salesman had no implied authority by reason of his employment, and his acts not having been ratified, defendant was not liable.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Brooklyn Daily Eagle against Bertin Dellmar. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Ruford Franklin, for appellant.
Louis. W. Stotesbury, for respondent.

PER CURIAM. The defendant, who manufactures and sells a preparation for the hair, employed one Grotty as salesman. He sold to the firm of Abraham & Strauss a quantity of the article manufactured by defendant, and agreed with said Abraham & Strauss that the defendant would advertise the wares in the plaintiff's newspaper. Grotty had no express authority from defendant to make any such agreement, and no such authority is to be implied from his employment as salesman. Tarpy v. Bernheimer (Com. Pl.) 16 N. Y. Supp. 870; Beck v. Donohue, 27 Misc. Rep. 230, 57 N. Y. Supp. 741. It does not appear that Grotty ever notified defendant of the agreement he had made with Abraham & Strauss, but he did go to plaintiff's office, and give orders for the insertion of the advertisements, agreeing upon the price to be paid therefor, and directing that the bill should be sent to defendant. After the advertisement had been set up in type, one of plaintiff's employés took a proof to defendant's office. He there saw some one, who is not identified, and who may or may not have been an officer of the defendant. The proof then shown to this unidentified person was not produced on the trial, but it seems clear that it did not mention or refer to defendant in any way. It described the article, and announced that it was on sale at the store of Abraham & Strauss. There was nothing in the circumstances of this visit to indicate to the person seen by plaintiff's agent that there was any understanding that the advertisement was to be printed for defendant's account. That person, even if an officer of the company, might well have understood that the proof was submitted for the purpose of insuring accuracy in the description of the article. After the advertisement had been inserted once, a bill therefor was presented

62 N.Y.S.—66

to the president of defendant, and he at once declared that his company had nothing to do with it, and that, if it had been inserted by Grotty, he was the proper person to pay for it. It is difficult to see how ratification of Grotty's action can be spelled out of this conversation. On the contrary, it appears that the defendant, through its president, at the very first opportunity repudiated the transaction. It was not bound thereafter to run after the plaintiff, and reiterate the disclaimer. If, after this repudiation of the first bill, the plaintiff chose to go on and repeat the advertisement, it did so at its peril. We see no ground upon which the judgment in favor of the plaintiff can be sustained. Grotty had no authority to make the agreement with Abraham & Strauss, and, even if he had, it was not made for plaintiff's benefit, and it obtained no rights thereunder. Neither had Grotty any authority to bind defendant by his unauthorized act in inserting the advertisement; for he had not even apparent authority to make advertising contracts for it. The defendant was not to profit by the advertisement, except in the very indirect sense that, if Abraham & Strauss had sold all of the preparation which they had bought, they might have purchased more from the defendant. There was no subsequent ratification of Grotty's unauthorized agreement with plaintiff, but, on the contrary, the defendant expressly repudiated it as soon as a bill was presented.

The judgment appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.