---

### UNITED STATES BEDDING COMPANY *v.* ANDRE.

### Opinion delivered October 14, 1912.

1. AGENCY—IMPLIED AUTHORITY OF AGENT.—To justify an implication of authority in an agent, it must appear that the act of the agent is not merely advantageous to or convenient for the principal, or even effectual in transacting the business in which he is engaged, but the act must be practically indispensable in order to execute the duty delegated to him. (Page 114.)

2. SAME—AUTHORITY OF TRAVELLING SALESMAN.—A travelling salesman has no implied authority to enter into a contract for advertising his principal's business in a newspaper or upon bill boards. (Page 114.)

3. SAME—AUTHORITY OF AGENT.—One who deals with an agent is put upon notice of the limitations of his authority, and must ascertain what that authority is, and, if he fails to do so, he deals with the agent at his peril. (Page 115.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith*, Judge; reversed.

*W. J. Lamb* and *J. W. Rhodes, Jr.*, for appellant.

One dealing with an agent is bound to ascertain the nature and extent of his authority; and, if he deals with the agent without such knowledge, he does so at his own peril.    62 Ark. 33, 40; 92 Ark. 315, 320; 94 Ark. 301, 305; 102 S. W. 1066, 1069. The alleged contract was not within the apparent scope of authority of the agent.    The duty of a travelling salesman is to solicit and transmit orders for goods, and extends no further. 46 Ark. 210, 214, 215; 43 Pac. 383; 86 Pac. 845; 6 Am. & Eng. Enc. of L., (2 ed.) 224; 53 Am. Rep. 745; 18 L. R. A. 667, note; 102 S. W. 1068.

*Appellee, pro se.*

The proof shows that the travelling salesman acted for the appellant in making the contract, and that appellant ratified it.    37 N. E. 1084; 115 Mo. 1.    See, also, 49 Ark. 320; 96 Ark. 456; 93 Ark. 528.

FRAUENTHAL, J.    This is an action instituted by appellee to recover for certain work and labor which he alleged he performed under a contract made with appellant through its agent.    Appellee is engaged in a bill-posting business in the town of Osceola, and appellant is a mercantile corporation located in the city of Memphis.    In the conduct of its business, appellant had in its employ a travelling salesman who was authorized to solicit orders for and make sales of its goods. Among its customers in Osceola was a retail firm to whom in shipping goods it also sent large printed advertisements which could be posted on bill boards.    Appellee claimed that he had entered into a contract with appellant's salesman whereby he was employed to post said advertisements on his bill boards. Appellant denied that such contract was entered into by its salesman, and claimed that if it was he was unauthorized to make it.

The trial resulted in a verdict for appellee for the amount for which he sued.

The testimony on the part of appellee tended to prove that on March 10, 1911, Mr. Swift, the manager of said retail firm in Osceola, called him to his place of business and stated

that appellant's salesman came to see him about making a contract for advertising, and he thereupon entered into said contract with the salesman by which he agreed to post said advertisements on his bill boards for six months for the price of forty-four dollars. A day or two thereafter Mr. Swift received a letter from appellant, stating that its travelling salesman had advised it of the price appellee wanted for posting said advertisements, and that it refused to make such contract. As soon as he received this letter, Mr. Swift notified appellee that appellant refused to make the contract, or that it did not consider that it had a contract with him. It appears that appellee began posting the advertisements probably a day or two before receiving this notice and continued posting them for a short time thereafter, procuring them from Mr. Swift, and that he failed to post them further only because Mr. Swift had no more advertisements on hand. There was no testimony adduced upon the trial of any express authority given by appellant to its salesman to make this conract. On the other hand, the president of appellant's company testified that the company never gave its salesman any authority to make any contract with appellee; that no authority to make a contract of this character was ever given to the salesman at any time; and that said salesman never at any time made a contract for advertising for it. He testified that the sole power and authority given to the salesman was to solicit orders for goods and to make sales thereof.

The case was tried chiefly upon the theory that the contract for posting advertisements was as a matter of law within the apparent scope of the authority of appellant's salesman to make as its agent, and that it was within the province of the jury to determine whether or not under the evidence it was within the apparent scope of his authority to make this contract in this particular case. A number of instructions were given by the court in which it stated to the jury in effect that appellant was bound by any contract made by its salesman with appellee for posting said advertisements, if they found that "such agreement was such a one as was within the apparent scope of his authority to make."

The power of an agent to bind his principal must be determined by the actual authority which has been given by the

principal to him. Such authority may be given expressly, and it may arise also from implication. An agent has authority to do all that he is expressly directed to do; and he also has implied authority to act in accordance with the custom or usage of the business which he is employed to transact and to do what is reasonably necessary to accomplish that which he is directed to do. This implied authority to do acts by which the principal will be bound which are not expressly authorized is also spoken of as those acts which are within the apparent scope of the agent's authority. But, to authorize an inference of authority in an agent, it must appear that the thing done or transaction made was necessary in order to promote the duty or carry out the purpose expressly delegated to him. It is not sufficient that the act of the agent is advantageous to or convenient for his alleged principal, or even effectual in transacting the business in which he is engaged. The act of the agent must be practically indispensable and essential in order to execute the duty actually delegated to him. *Beckford* v. *Menier,* 107 N. Y. 407.

His implied authority is limited to those acts which are of like kind with the very act he is expressly impowered to do and from which the authority is implied, but his authority can never be extended by implication to do an act or make an agreement which is beyond the obvious purpose of his employment. The purpose for which a travelling salesman is employed is to solicit orders and make sales of goods; unless he is specially authorized to do so, he has no implied authority to do any act other than is usually done by other salesmen of like character; that is, to do those things and make those agreements which are necessary and usual to accomplish the purpose of this agency. Being employed for one purpose, he has no authority to do another, either actual or implied. In 1 Clark & Skyles on Agency, § 244, it is said: "A travelling salesman, like other agents, has implied authority to do all acts or make all contracts that are reasonably necessary and proper or usually done or made by other agents in the same or similar line of business. * * * in the absence of special authority to bind the principal, a drummer can merely solicit and transmit an order." It has been held by this court that a travelling salesman is only authorized to solicit orders and make sales, and has no implied authority to collect therefor; and that such salesman

has no implied authority to rescind a sale after it has been made. *Meyer* v. *Stone,* 46 Ark. 210; *American Sales Book Co.* v. *Whitaker,* 100 Ark. 360; *Lee* v. *Vaughan's Seed Store,* 101 Ark. 69.

In the case of *Tarpy* v. *Bernheimer,* 16 N. Y. Supp. 870, an action was instituted for advertising defendant's business in plaintiff's paper by order of defendant's agent. It appeared that the latter was agent only for selling the goods of the defendant, collecting bills and representing defendant before a board of excise. One of the defendants testified that the agent had no authority to contract bills for him or the firm, and that no paper containing such advertisement had been received by him or the firm. It was there held that these facts were insufficient to warrant a finding that the agent had authority to contract bills for such advertising.

In order to solicit orders for or to make sales of goods, it is not indispensable that the travelling salesman shall advertise them in a newspaper or upon bill boards. Such advertisements may be advantageous to the principal or to those buying from him; but a great many other expensive things might be done which would prove advantageous to the principal and such buyers, and yet none of them can be considered indispensable for the purpose of making the sale, and is not ordinarily understood to be incidental to the authority given to a travelling salesmen. The power to make contracts for advertising can not be implied from the power to sell goods and solicit orders, and therefore is not within the apparent scope of the authority of the travelling salesman in this case to make. A person dealing with an agent is at once put upon notice of the limitations of his authority, and must ascertain what that authority is. *Berry* v. *Barnes,* 23 Ark. 411; *City Electric Street Railway Co.* v. *First National Bank,* 62 Ark. 33.

Such person can not presume that such authority exists; he can not rely upon the representation of the agent as to what his authority is; he must make inquiry and use due diligence to learn the nature and extent of such authority. If he does not, he deals with the agent at his own risk; and if the authority of such agent is disputed, it devolves upon him to prove it.

In the case at bar there was no testimony adduced tending to prove that the travelling salesman ever made a contract of the kind sued on, or that it was the custom or a usage of such sales-

man to make such a contract. The undisputed testimony adduced showed that this agent was a travelling salesman authorized to solicit orders for and sell goods. As a matter of law, therefore, the power to make the contract sued on was not within the apparent scope of this travelling salesman's authority. It follows that the court erred in the instructions given in which it stated that appellant was bound by this contract if the jury found from the testimony that it was within the apparent scope of the agent's authority to make it.

For the above errors contained in the instructions given by the court, the judgment is reversed, and this cause is remanded for a new trial.