CREAGER et al. v. HIDALGO COUNTY
WATER IMPROVEMENT DIST.
NO. 4.   (No. 575–4394.)*

(Commission of Appeals of Texas, Section B.
April 28, 1926.)

1. **Waters and water courses ⊜⟿231—Levy of tax by water improvement district for organization and maintenance expenses before voting bonds held unauthorized (Vernon's Ann. Civ. St. Supp. 1918, art. 5107—69).**

Vernon's Ann. Civ. St. Supp. 1918, art. 5107—69, does not authorize levy of tax by water improvement district for organization and maintenance expenses before bonds have been voted.

2. **Waters and water courses ⊜⟿231—Power of water improvement district to levy tax for organization expenses before voting bonds cannot be implied (Vernon's Ann. Civ. St. Supp. 1918, arts. 5107—1 to 5107—105 and article 5107—68).**

While power conferred by Vernon's Ann. Civ. St. Supp. 1918, arts. 5107—1 to 5107—105, to create water improvement district and incur expenses involved, implied all necessary power to levy and collect tax to discharge necessary organization expenses, power to levy tax for such expenses before bonds have been voted cannot be implied, in view of article 5107—68, providing for payment thereof from proceeds of sale of bonds.

3. **Statutes ⊜⟿185—Interpretation by implication is permitted only to supply obvious intent not expressly stated, and never to contradict statute.**

Interpretation by implication is permitted only to supply obvious intent, not expressly stated, in order to make Legislature's major purpose effective, and never to contradict statute.

4. **Statutes ⊜⟿185—Power must be practically indispensable and essential to execution of power actually conferred to be supplied by implication, inference, or presumption of intention.**

Power, to be supplied by implication, inference, or presumption of intent, must be not only advantageous or convenient to major power conferred, or even effectual in exercise thereof, but practically indispensable and essential to execution of power actually conferred.

5. **Constitutional law ⊜⟿70(3).**

Courts are not concerned with wisdom of legislative act.

6. **Constitutional law ⊜⟿70(3)—That act requiring payment of organization expenses from proceeds of bond sales may result in loss to persons furnishing services before voting of bonds does not justify construction of act beyond its terms as permitting tax levy before bonds are voted (Vernon's Ann. Civ. St. Supp. 1918, art. 5107—68).**

That Vernon's Ann. Civ. St. Supp. 1918, art. 5107—68, requiring payment of organization expenses of water improvement district from proceeds of sale of bonds, may result in loss to persons furnishing services before voting of bonds, does not justify construction of statute beyond its terms as authorizing levy of tax before bonds are voted for payment of such expenses.

7. **Statutes ⊜⟿220—Amendment of act so as to authorize issuance of notes by water improvement district for organization expenses before bond issue held legislative interpretation of amended act, which should be considered by, though not controlling on, court (Acts 38th Leg. 2d Called Sess. [1923] c. 11, amending Vernon's Ann. Civ. St. Supp. 1922, art. 5107—9).**

Acts 38th Leg. 2d. Called Sess. (1923) c. 11, amending Vernon's Ann. Civ. St. Supp. 1922, art. 5107—9, by authorizing issuance of notes for organization expenses of water improvement district before issuance of bonds, and providing for their payment by levy and collection of taxes if bonds are not voted, is legislative interpretation of amended act, which should be considered by, though not controlling on, courts; especially in view of emergency clause declaring that there was then no legal method for payment of such expenses.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Hidalgo County Water Improvement District No. 4 against R. B. Creager, receiver, and others. Judgment sustaining general demurrer to petition and dismissing suit was reversed, and cause remanded, by the Court of Civil Appeals (271 S. W. 278), and defendants bring error. Reversed, and judgment of trial court affirmed.

Irl F. Kennerly, of Houston (Wm. S. West, of Brownsville, and Geo. A. Hill, Jr., and Kennerly, Williams, Lee & Hill, all of Houston, of counsel), for plaintiff in error.

Don A. Bliss, of San Antonio, for defendant in error.

SPEER, J. [1] The defendant in error is a water improvement district organized under chapter 2, title 73, Vernon's Texas Civil Statutes Supp. 1918, and as such sued the defendants, owners of property within the district, for the enforcement of a tax lien by virtue of a levy made by it for the payment of certain expenses of organization and maintenance of the district. The district was organized in March, 1922; the levy under which the attempted foreclosure is sought was made in July, 1922. At the time the levy was made no order had been entered by the board for the holding of an election to determine whether or not bonds should be issued by the district, but afterward, in May, 1923, such an order was made, and an election was held, resulting in favor of the issuance of bonds for the purposes authorized by the statute. The petition discloses that the bonds had been duly issued and sold. The trial court sustained a general demurrer to the petition and dismissed the suit. Upon appeal by the district the Court of Civil Ap-

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied June 23, 1926.

peals reversed the judgment and remanded the cause. 271 S. W. 278. The point for decision is whether or not under the statute governing such districts defendant in error had the power to levy the tax sought to be enforced. The trial court held that it did not, while the Court of Civil Appeals held that it did, both by express statute and by necessary implication. The only provision in the chapter expressly authorizing the levy of a tax for any purpose is to be found in article 5107—69, which declares:

"Whenever such bonds shall have been voted, the directors for such district shall levy a tax upon all property within such district sufficient in amount to pay the interest on such bonds, together with an additional amount to be placed in the sinking fund, sufficient to discharge and redeem said bonds at their maturity, and said directors for such district shall annually levy or cause to be assessed and collected taxes upon all the property within said district sufficient in amount to pay for the expenses for assessing and collecting such taxes."

[2] The only express authority for levying a tax being therefore after "such bonds shall have been voted," this provision cannot be held to authorize the levy in controversy. We must look elsewhere for the authority, if it exists. The defendant in error contends, and the Court of Civil Appeals held, that the power conferred by the act to create the district and incur the expenses involved implied all necessary power to levy and collect the tax to discharge such necessary organization expenses. The rule of interpretation is a perfectly sound one, and is universally recognized, but we think it has no application in the present case. In authorizing the organization of defendant in error district, and the incurring of the expenses involved, necessarily, of course, the Legislature contemplated that such expenses must be paid, and intended to supply the means of doing so. Otherwise its efforts to create a district would be futile. If all the powers necessary to the doing of the thing authorized were not expressly conferred, they were impliedly given. It is not to be conceived that the Legislature authorized the doing of a thing that the district had no power to do. That was the very purpose of the act; that is, to give the district created in accordance with its provisions the power to do the things therein authorized. And there is no question but that full power was intended to be given, even though resort must be had to implication to find such authority. The authorities are numerous to this effect, and those cited by the Court of Civil Appeals abundantly support it.

But the Legislature unlike the fabled king who commanded his servant to sweep back the sea without even so much as supplying him with a broom, has expressly supplied a means of meeting the very expenses involved in this litigation. Article 5107—68 provides:

"All expenses, debts and obligations necessarily incurred in the creation and establishment and maintenance of any district organized under the provisions of this act shall be paid out of the construction and maintenance fund of such district, which fund shall consist of all moneys received by said district from the sale of the bonds of such district, or as hereinafter provided, * * *" etc.

[3, 4] In construing a statute, resort is never had to implications where the act is explicit to the point. Interpretation by implication is permitted, out of the necessity of the case, to supply the obvious intention, where such intention is not expressly stated. It is an allowable inference, indulged to make effective the major purpose of the lawmakers. It is akin to the rule of presumptions involved in making effective grants, judgments, and the like. Likewise it is akin to, if not identical with, the principle that an express power conferred upon an agent impliedly carries with it all powers essential to the exercise of the one expressly conferred. But such implication, inference, or presumption, as the fact may be, is always indulged to supply a deficiency, and is never permitted to contradict the act, grant, or instrument whatsoever involved. Moreover, to authorize the supplying of a power by implication, inference, or presumption of intention, it is not sufficient that the act is advantageous or convenient to the major power conferred, or even effectual in the exercise of it. The power to be supplied by such process must be practically indispensable and essential in order to execute the power actually conferred. United States, etc., Co. v. Andre, 105 Ark. 111, 150 S. W. 413, 41 L. R. A. (N. S.) 1019, Ann. Cas. 1914D. 800. When tested by these considerations it is perfectly apparent there is no need to resort to implications or inference in interpreting the statute. The Legislature has authorized boards like defendant in error to incur these preliminary expenses. It has expressly provided how they shall be paid, and to imply a method for payment entirely different from that prescribed is not only not permitted under the rules of interpretation above discussed, but would in effect be to change the terms of the act and supply a different method of payment, a function that does not belong to the judiciary.

[5, 6] The courts are not concerned with the wisdom of a legislative act. The act in question, in actual operation, may result in some instances in a loss to those persons furnishing means or services prior to the voting of bonds by such districts, but this can make no difference, and furnishes no excuse for our rewriting the law. Such persons, in performing such services, take their chances of being paid in the manner provided by the act. They cannot be compelled in such respect, but, having done so, they are bound.

[7] The Legislature has, it seems, in rec-

ognition and correction of the possibility of the uncertainty of payment without the issuance of bonds, amended the statute so as to authorize the issuance of notes of the district for the purpose of paying the costs of organizing, surveying, and other indebtedness prior to the issuance of bonds, and provided:

"If bonds of said district are not voted at the election held for that purpose, then and in that event, the notes so issued shall continue in force and effect and shall be paid off, satisfied and discharged by the assessment, levy and collection of taxes to pay note issues." (Vernon's Civ. Stat. 1922 Supp. § 5107—9, as amended by Acts 38th Leg. 2d Called Sess. c. 11).

While this amendment, approved May 26, 1923, cannot affect the litigation in the present controversy, yet it is a legislative interpretation of the act amended, especially in view of the emergency clause declaring:

"The fact that there is not now any method provided by law for the paying of the costs of the organization and other expenses necessarily incurred by water improvement districts prior to the issuance and sale of bonds of said district," etc.,

—creates an emergency, etc. This is not controlling upon the courts by any means, but it is worthy of consideration.

The case of City of Austin v. Nalle, 22 S. W. 668, 960, 85 Tex. 520, cited by the Court of Civil Appeals, in interpreting the charter of the city of Austin, held that by implication it conferred the power to levy a tax to discharge a certain debt. But it was expressly pointed out there was no express authority given in the charter. Hence a resort to implication was proper. That case cites, amongst others, United States v. New Orleans, 98 U. S. 381, 25 L. Ed. 225, also cited by the Court of Civil Appeals in this case. In that case Mr. Justice Field, for the Supreme Court, used this language:

"All of them (municipal powers conferred) require for their execution considerable expenditures of money. Their authorization without providing the means for such expenditures would be an idle and futile proceeding. Their authorization, therefore, implies and carries with it the power to adopt ordinary means employed by such boards to raise funds for their execution, unless such funds are otherwise provided."

In this excerpt the point is twice made that interpretation by implication will not be permitted where not necessary. Here the Legislature did provide a means for the expenditures authorized and otherwise provided for their payment from the proceeds of bonds voted by the taxpayers, and not from a levy by the directors without any degree of limitations as to rate or concern for the approval of the taxpayers. To the same effect is

Ralls County Court v. United States, 105 U. S. 733, 26 L. Ed. 1220.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court sustaining the general demurrer be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.