**HARRIS, County Judge, et al. v. ELDER et al., County Com'rs.**

**No. 2572.**

Court of Civil Appeals of Texas. El Paso. April 11, 1931.

Rehearing Denied April 13, 1931.

Mead & Metcalfe, of Marfa, and W. Van Sickle, of Alpine, for appellants.

Brian Montague, of Del Rio, J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, and H. A. Forman, Co. Atty., and Roy R. Priest, Dist. Atty., both of Rankin, for appellees.

PER CURIAM.

This is an appeal from an order of Hon. C. R. Sutton, judge of the Eighty-Third judicial district, temporarily enjoining the holding of a county seat election in Upton county, Tex. The ground alleged in the application and upon which the relief was granted was that a valid election for the changing of the county seat of said county from the town of Rankin, Tex., had been held within five years prior to the one attempted to be held.

After appellees' petition had been filed, the district attorney of the Eighty-Third judicial district and the county attorney of Upton county filed a petition in intervention on behalf of the state of Texas adopting the allegations in appellees' petition. Appellants duly filed their contest of the petition, and upon hearing the temporary injunction was granted.

Appellants here contend that the holding of an election is a political right, and that the courts are without authority to interfere therewith. They have cited a number of authorities, among which are: Robinson & Watson v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067; Id., 98 Tex. 267, 83 S. W. 182; Townsen, County Judge, et al. v. Mersfelder, 49 Tex. Civ. App. 289, 109 S. W. 420; The City of Dallas v. Railway Co., 105 Tex. 337, 148 S. W. 292; Winder v. King (Tex. Com. App.) 1 S.W.(2d) 587.

We have reached the conclusion that the last-mentioned case is the latest expression of the views of the Supreme Court on the question before us and controls the disposition of this appeal.

In that case the district court refused to enjoin the holding of a county seat election, and that judgment was affirmed by the Court of Civil Appeals. 297 S. W. 689.

After a writ of error had been granted by the Supreme Court, plaintiffs in error filed an application praying that court to enjoin defendants in error from holding the election, canvassing and declaring the result of the ballots cast, or taking any steps whatever towards the removal of the county seat until further orders of the court.

The Supreme Court granted the relief as to the carrying into effect of the result of the election, but expressly refused to restrain the holding of the election. The case was then referred to Section A of the Commission of Appeals, and Critz, J., wrote an opinion for the Commission affirming the judgments of the district court and the Court of Civil Appeals.

The Supreme Court, while it did not adopt the opinion or the reasons given by Judge Critz, entered its judgment affirming the judgments of the trial court and the Court of Civil Appeals as recommended by the Commission.

Under such circumstances, we think it clear that the Commission, before the writing of its opinion, was fully aware of the views of the Supreme Court on the question involved, and wrote the opinion in conformity with the action theretofore taken by that court.

We cannot escape the conclusion that the Supreme Court by its action on the application, whether its reasons were identical with those given by Judge Critz in his opinion or not, was of the opinion that, under the facts of that case, plaintiffs in error were not entitled to have the holding of the election enjoined.

Whatever its reasons, the action was well supported by the other authorities above mentioned.

The Supreme Court in that case, under a state of facts practically identical with the facts here, refused the relief here granted by the trial court.

Therefore the order granting the injunction must be reversed, and the injunction dissolved.