

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 19, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. M-939

Re: Questions relating to certain
travel expenses of State em-
ployees, as provided for in Senate
Bill 11, 62nd Legislature, R.S.,
1971.

Dear Mr. Calvert:

Your recent letter requesting the opinion of this office concerning the referenced matter provides, in part, as follows:

"Article V, Section 12a, Second Paragraph of Senate Bill 11 of the Regular Session of the Sixty-Second Legislature provides as follows:

'Reimbursement for out-of-state transportation for the use of personally owned automobiles together with per diem shall never exceed the cost of commercial tourist class transportation from the nearest airport and the per diem required had the employee traveled by such conveyance. The determination of the allowance due owners of personally owned automobiles in compliance with this paragraph shall be as follows: (1) Per diem shall be determined by the use of an airline schedule which would have sufficed for the performance of the official business. (2) Expenses of transportation to airfields from points where commercial air transportation is not available shall be allowed in addition to the cost of first class commercial air transportation. (3) When additional passengers are conveyed on out-of-state trips in personally owned automobiles they shall receive as their

-4577-

expenses per diem based on automobile travel time. (4) Persons traveling to points not served by airlines shall receive mileage and per diem based on actual miles traveled and other expenses as authorized elsewhere in the Act for out-of-state travel.'

"An examination of this provision will reveal two things: (1) that it provides, in the first part of the paragraph, that reimbursement for the use of personally owned automobiles shall never exceed the cost of commercial tourist-class transportation from the nearest airport and (2) that it provides that where a person resides at a place not served by an airfield, he shall be entitled to be reimbursed for mileage to the airport and the cost of first-class air transportation.

"You will note that in addition to the transportation allowances in Section 12a, the second paragraph, the Legislature has, in four instances in this paragraph, limited the employee to a per diem allowance which would have sufficed had he actually flown by commercial transportation. An examination of the Appropriation Act will reveal that under the heading, "Per Diem Allowances - Section 13a," the second paragraph provides as follows:

'Each employee traveling on state business outside of the boundaries of the State of Texas shall receive reimbursement for the actual cost of meals, lodging and incidental expenses, not to exceed thirty-five ($35.00) per day. When both in-state and out-of-state travel occur in the same calendar day, the rate of travel allowance for all travel in that day shall be in an amount not to exceed thirty-five dollars ($35.00) per day.'

". . .

"Article V., Section 12 b provides in part, as follows:

'. . . The rate of reimbursement for any employee for whom funds are appropriated in this Act, for air transportation shall be tourist class unless tourist class is not available . . .'

"I seek your advice on the following questions:

"(1) What interpretation should be placed upon Article V, Section 12a, Second Paragraph as to what should be allowed to State employees and officials who use their personally owned automobiles in traveling out-of-state: the cost of tourist transportation in one instance, first-class in another, or first-class or tourist in both instances?

"(2) What interpretation should be placed as to the amount of per diem allowed while traveling outside of the State in their personally owned conveyances?

"(3) If you hold that the $35.00 a day provision under the per diem allowance should apply, please advise if the formula defining 'day' (Section 13b) should be applied.

"(4) Section 13a, Second Paragraph provides the amount that can be expended for meals, lodging and incidental expenses each day. In applying this restriction, what should be considered an incidental expense?

"(5) I have been advised that some airlines do not have a tourist rate; but have what is called a 'standard fare charge' which is comparable to a tourist rate. If the tourist rates are not available, must a State Employee secure comparable transportation or is he entitled to reimbursement for first-class transportation . . ."

With reference to your first question, it should be noted that the first sentence of the second paragraph of Section 12(a) of Article V, quoted in your letter, refers to tourist class air transportation, and that the portion of Section 12(b) of Article V, also quoted in your letter, likewise refers to tourist class

air transportation.   Notwithstanding the foregoing, item (3) of Section 12(a) specifically refers only to first class air transportation.

The law applicable to the situation posed by your first question has been stated as follows:

> "It is not the function of the judiciary to correct legislative errors, mistakes, or omissions.  If the language of a statute is plain, a court will not eliminate or supply a word or clause on the supposition that it was included or omitted by inadvertence."  53 Tex. Jur. 2d 203, Statutes, Sec. 140.

See also, Shoppers World, Inc. v. State, 373 S. W. 2d 374 (Tex. Civ. App. 1963), aff'd sub nom State v. Shoppers World, Inc. 380 S. W. 2d 107 (Tex. Sup. 1964); Winder v. King, 297 S. W. 689 (Tex. Civ. App. 1927), aff'd 1 S. W. 587 (Tex. Sup. 1928); Ratcliff v. State, 106 Tex Crim. 37, 289 S. W. 1072 (1926); and Creager v. Hidalgo County Water Improvement Dist. No. 4, 283 S. W. 151 (Tex. Sup. 1926.)

Your first question is, therefore, answered as follows:  the expenses of transportation to airfields from points where commercial air transportation is not available shall be allowed to state employees on out-of-state business in addition to the cost of first class commercial air transportation, as expressly provided in item (3) of the second paragraph of Section 12(a) of Article V, quoted supra.

Your second question is answered as follows:  the amount of per diem expenses allowed state employees while traveling out-of-state in their personally owned conveyances shall not exceed $35. 00 per day, for the actual cost of meals, lodging and incidental expenses, as provided in the second paragraph of Section 13(a) of Article V, set forth in your letter.  This $35. 00 per diem expense shall be in addition to the reimbursement set forth in the second paragraph of Section 12(a), quoted supra, which provides, in part, that "Reimbursement for out-of-state transportation for the use of personally owned automobiles together with per diem shall never exceed . . ."  (Emphasis added. )

In view of our answer to your second question, we are of the opinion

that the formula defining "day" set forth in Section 13(b) of Article V, is applicable to both state employees traveling on in-state and those traveling on out-of-state business.  Your third question is, therefore, answered in the affirmative.

As regards your fourth question, "incidental expenses" has previously been defined by this office to include those expenses which arise as reasonable incidents in connection with the authorized business trip of a state employee.  See Attorney General's Opinion No. M-301 (1968), for example.  We construe the term "incidental expense" to include all such expenses, as well as any other minor disbursements necessary to a state employee traveling on out-of-state business.  See e. g. , the various illustrations of the term "incidental expenses" set forth in 20A Words and Phrases 111-13 (1959.)

We are of the opinion that your fifth question must be answered in the affirmative.  Section 12(b) of Article V, quoted in your letter, provides, in part, that:

> ". . . The rate of reimbursement for any employee . . . for air transportion shall be tourist class <u>unless tourist class is not available</u> . . ." (Emphasis added. )

In view of the underscored portion of the foregoing provision, we hold that a state employee is entitled to reimbursement for first class, or any other class of, air transportation, if tourist class transportation, <u>eo nomine</u>, does not exist on a certain commercial airline carrier, or in the event that a tourist class seat is not available on a flight that a state employee must take in connection with necessary state business.  In this connection, the statement by the employee of the non-availability of such transportation on the State of Texas Travel Voucher should suffice.

## SUMMARY

Pursuant to Senate Bill 11, 62nd Legislature, R. S. , 1971 (General Appropriations Act for the fiscal year commencing September 1, 1971):

(1) the expenses of transportation to airfields from points where commercial air transportation is not available shall be allowed to state employees on out-of-state business in addition to the cost of first class commercial air transportation, as expressly provided in item (3) of the second paragraph of Section 12(a) of Article V of the Bill;

(2) the amount of per diem expenses allowed state employees while traveling in their personally owned conveyances on out-of-state business shall not exceed $35.00 per day, for the actual cost of meals, lodging, and incidental expenses (as provided in the second paragraph of Section 13(a) of Article V of the Bill), in addition to the reimbursement set forth in the second paragraph of Section 12(a) of the Bill;

(3) the formula defining "day" contained in Section 13(b) of Article V of the Bill is applicable to both state employees on in-state business, as well as those on out-of-state business, and such formula is to be utilized in calculating the per diem allowance set forth in Section 13(a) of Article V of the Bill;

(4) "incidental expense," as that term is used in the second paragraph of Section 13(a) of Article V of the Bill, includes all those minor and necessary expenses incidentally incurred by a state employee traveling on state business, including parking, medical, and laundry expenses, inter alia; and

(5) pursuant to Section 12(b) of Article V of the Bill, a state employee is entitled to reimbursement for first class, or any other class of, air transportation, if tourist class transportation does not exist on

a certain commercial airline carrier, or in the event that a tourist class seat is not available on a flight that a state employee must take in connection with necessary state business.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin Bray
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

John Grace
Jay Floyd
Mel Corley
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant