Honorable Bob Bush Chairman Committee on the Judiciary Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Whether House Bill No. 1169, 68th Legislature requires a minor child to have a social security number prior to the issuance of a decree in a child support suit
Dear Representative Bush:
House Bill No. 1169, Acts 1983, 68th Leg., ch. 424, § 5, at 2346 amended section 11.15 of the Family Code by adding subsection (b). Section 11.15 of the Family Code reads as follows:
 (b) A decree in a suit affecting the parent-child relationship, in which any person is ordered to pay child support, must contain the social security number of each party to the suit, including the child. (Emphasis added).
You inform us that certain judges are interpreting section 11.15(b) to require that final divorce decrees cannot be entered without the parents obtaining social security cards from the Social Security Administration for every child affected thereby, including infants. You ask us the following question:
 Is the legislative intent of section 11.15(b) of House Bill No. 1169 to require the acquisition of a social security number for all children prior to entering a decree in such suits [affecting the parent-child relationship]?
We answer your question in the negative; we conclude that section 11.15(b) requires the inclusion of such information only if it is already available.
We are required to interpret a statute in a way which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.
Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968). Clearly, section 11.15(b) requires the decree in every suit which affects the parent-child relationship and in which any person is ordered to pay child support to contain the social security number, if it is available, of every party to the suit, as well as of every child thereby affected. The issue is whether section 11.15(b) of the Family Code, in addition, requires a person to obtain such a number if he does not already have one. More specifically, the issue is whether to construe section 11.15(b) of the Family Code to include the phrase "and each party or child not already possessing a social security number must obtain one." Without clear evidence of legislative intent supporting such an inclusion, we decline to do so.
If the language of a statute is plain, a court will not eliminate or supply a word or clause on the supposition that it was included or omitted by inadvertance. Ratcliff v. State,289 S.W. 1072 (Tex.Crim.App. 1926); Winder v. King, 297 S.W. 689
(Tex.Civ.App.-Amarillo 1927), rev'd on other grounds,1 S.W.2d 587 (Tex.Comm'n App. 1928). Courts will add words or phrases to a statute only when it is necessary to give effect to the clear legislative intent. Hunter v. Fort Worth Capital Corporation,620 S.W.2d 547 (Tex. 1981); Sweeny Hospital District v. Carr,378 S.W.2d 40 (Tex. 1964).
Our examination of the relevant legislative history does not reveal any intent on the part of the legislature to require that parties to a suit affecting the parent-child relationship in which any person is ordered to pay child support, as well as the children affected thereby, obtain a social security number if that person does not already possess one. The legislature merely intended to require the inclusion of such number if it has already been obtained. Accordingly, we conclude that section 11.15(b) of the Family Code requires, in any decree in a suit affecting the parent-child relationship in which any person is ordered to pay child support, the inclusion of the social security number of each party to the suit, as well as that of every child affected thereby, if that number has already been obtained; it does not require parents to obtain social security cards from the Social Security Administration for every child who does not have such a card.
 SUMMARY
Section 11.15(b) of the Family Code requires, in any decree in a suit affecting the parent-child relationship in which any person is ordered to pay child support, the inclusion of the social security number of each party to the suit, as well as that of every child affected thereby, if that number has already been obtained; it does not require parents to obtain social security cards from the Social Security Administration for every child who does not have such a card.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General