

# The Attorney General of Texas

June 6, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
..Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bush
Chairman
Committee on the Judiciary
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-159

Re:  Whether House Bill No. 1169,
68th Legislature requires a minor
child to have a social security
number prior to the issuance of
a decree in a child support suit

Dear Representative Bush:

House Bill No. 1169, Acts 1983, 68th Leg., ch. 424, §5, at 2346 amended section 11.15 of the Family Code by adding subsection (b). Section 11.15 of the Family Code reads as follows:

> (b)  A   decree   in   a   suit   affecting   the parent-child relationship, in which any person is ordered to pay child support, <u>must contain the social security number of each party to the suit, including the child.</u>   (Emphasis added).

You inform us that certain judges are interpreting section 11.15(b) to require that final divorce decrees cannot be entered without the parents obtaining social security cards from the Social Security Administration for every child affected thereby, including infants. You ask us the following question:

> Is the legislative intent of section 11.15(b) of House Bill No. 1169 to require the acquisition of a social security number for all children prior to entering a decree in such suits [affecting the parent-child relationship]?

We answer your question in the negative; we conclude that section 11.15(b) requires the inclusion of such information <u>only</u> if it is <u>already</u> available.

We are required to interpret a statute in a way which

> expresses only the will of the makers of the law, not forced nor strained, but simply such as the

words of the law in their plain sense fairly
sanction and will clearly sustain.

Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex.
1968). Clearly, section 11.15(b) requires the decree in every suit
which affects the parent-child relationship and in which any person is
ordered to pay child support to contain the social security number, if
it is available, of every party to the suit, as well as of every child
thereby affected. The issue is whether section 11.15(b) of the Family
Code, in addition, requires a person to obtain such a number if he
does not already have one. More specifically, the issue is whether to
construe section 11.15(b) of the Family Code to include the phrase
"and each party or child not already possessing a social security
number must obtain one." Without clear evidence of legislative intent
supporting such an inclusion, we decline to do so.

If the language of a statute is plain, a court will not eliminate
or supply a word or clause on the supposition that it was included or
omitted by inadvertance. Ratcliff v. State, 289 S.W. 1072 (Tex. Crim.
App. 1926); Winder v. King, 297 S.W. 689 (Tex. Civ. App. - Amarillo
1927), rev'd on other grounds, 1 S.W.2d 587 (Tex. Comm'n App. 1928).
Courts will add words or phrases to a statute only when it is
necessary to give effect to the clear legislative intent. Hunter v.
Fort Worth Capital Corporation, 620 S.W.2d 547 (Tex. 1981); Sweeny
Hospital District v. Carr, 378 S.W.2d 40 (Tex. 1964).

Our examination of the relevant legislative history does not
reveal any intent on the part of the legislature to require that
parties to a suit affecting the parent-child relationship in which any
person is ordered to pay child support, as well as the children
affected thereby, obtain a social security number if that person does
not already possess one. The legislature merely intended to require
the inclusion of such number if it has already been obtained.
Accordingly, we conclude that section 11.15(b) of the Family Code
requires, in any decree in a suit affecting the parent-child relation-
ship in which any person is ordered to pay child support, the
inclusion of the social security number of each party to the suit, as
well as that of every child affected thereby, if that number has
already been obtained; it does not require parents to obtain social
security cards from the Social Security Administration for every child
who does not have such a card.

S U M M A R Y

Section 11.15(b) of the Family Code requires,
in any decree in a suit affecting the parent-child
relationship in which any person is ordered to pay
child support, the inclusion of the social
security number of each party to the suit, as well

as that of every child affected thereby, if that number has already been obtained; it does not require parents to obtain social security cards from the Social Security Administration for every child who does not have such a card.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton